# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PETER POULOS,                      )
                                   )
      Appellant,               )
                                   )    C.A. No. K24A-11-001 RLG
COUNCIL ON REAL ESTATE             )
APPRAISERS,                        )
                                   )
      Appellee.                )


**Submitted: June 13, 2025**
**Decided: August 20, 2025**


## MEMORANDUM OPINION AND ORDER


*Upon Appeal from a Disciplinary Decision of the*
*Council on Real Estate Appraisers – AFFIRMED.*


Megan T. Mantzavinos, Esq., Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware. *Attorney for Appellant Peter Poulos*.

A. Zachary Naylor, Esq., Department of Justice, Dover, Delaware. *Attorney for Appellee Council on Real Estate Appraisers*.


**GREEN-STREETT, J.**

## I.    Introduction

A licensed real estate appraiser failed to file his license renewal on time. That delay triggered an audit, revealing he erroneously certified completion of continuing education requirements. The appraiser received disciplinary sanctions, and appealed those sanctions to this Court. As the Council on Real Estate Appraisers based its decision to impose sanctions on substantial evidence, and as its decision was free of any legal error, its decision is **AFFIRMED**.

## II.    Factual and Procedural History

Peter Poulos obtained his Delaware real estate appraisers license (the "License") on April 17, 2020.[1] Mr. Poulos maintains licenses "in several other states, and practiced as a sole proprietor from approximately 2003 until 2023."[2] In 2023, Mr. Poulos joined BBG Real Estate Services, "the largest commercial appraisal firm in the United States."[3] Mr. Poulos's new employer maintains a "separate department [that] handle[s] renewals and [continuing education] compliance for all its appraisers."[4]

---

[1] Opening Br. at 1.

[2] Id.

[3] Id.

[4] Id.

2

In October 2023, Mr. Poulos needed to renew his License.[5] The renewal process required him to submit his renewal request by October 31, 2023.[6] Mr. Poulos failed to meet that deadline, instead submitting his renewal request on November 2, 2023.[7] All late renewals are subject to audit, and the audit of Mr. Poulos's License revealed some deficiencies regarding his continuing education.[8]

Specifically, Mr. Poulos certified that he completed the mandatory two hours of continuing education focused on Delaware law – when, in fact, he failed to complete that requirement.[9] The Delaware Council on Real Estate Appraisers (the "Council") notified Mr. Poulos of that deficiency, and scheduled a Show Cause hearing before a hearing officer for March 27, 2024.[10] At the hearing, a representative of the Council testified about the Council's efforts to contact Mr. Poulos to discuss the deficiencies in his continuing education.[11]

---

[5] Id.

[6] Id. at 2.

[7] Id.

[8] Id.

[9] Id.

[10] Id. (The Council initially struggled to reach Mr. Poulos, sending him two notices regarding the audit that went unanswered. Mr. Poulos did not respond to the Council until he received a notice of the Show Cause hearing. See R. Tab 5 at 2).

[11] R. Tab 5 at 2-3.

After the representative's testimony, Mr. Poulos testified he failed to complete the mandatory two hours of continuing education regarding Delaware law.[12] His proffered explanation focused on his acclimation to a large firm.[13] He explained that he most likely received the notices about the audit of his renewal, but would have forwarded those notices to the department in his firm dedicated to renewals.[14]

Mr. Poulos acknowledged that he did not complete the requisite two hours of classes focused on Delaware law, and admitted his lack of awareness regarding that requirement.[15] He stated, "I do know it's not really an excuse[,] but, like I said, I'm not really the one who is in control of my renewals, and I really just go off of what they are having me do."[16] Mr. Poulos provided no other justification for his failure to complete the required continuing education – or for his inaccurate certification on his renewal.[17] After advising Mr. Poulos on precautionary steps to prevent this type of mistake in the future, the hearing officer informed him that, "my general pattern here is the recommendations are maybe a letter of reprimand, perhaps, some fine."

[12] Id. at 3.

[13] R. Tab 6 at 17-18.

[14] Id. at 18.

[15] Id. at 19.

[16] Id.

[17] Id.

4

The hearing officer further expounded that, typically, he would afford an appraiser some time to correct the deficiency before seeking more severe penalty.[18]

The hearing officer issued his Recommendation on June 20, 2024.[19] Although Mr. Poulos completed sufficient total hours of continuing education, he failed to complete "a 2 hour [continuing education] course in Delaware law during this period because he did not realize he had to complete it."[20] The hearing officer found that "Mr. Poulos inaccurately certified he completed the required [continuing education] when he renewed his license."[21] The hearing officer noted Mr. Poulos's explanation centered on a lack of awareness of the requirement, stemming from Mr. Poulos having recently joined a large company.[22] The hearing officer concluded, "[i]gnorance of the law is not an excuse. Mr. Poulos's violation of Council Reg. 2.5.2. was unjustified."[23]

In contemplating what disciplinary action to recommend, the hearing officer found that "the mitigating factors outweigh[ed] the aggravating factors."[24] The only

---

[18] Id. at 22.

[19] R. Tab 5 at 6.

[20] Id. 4.

[21] Id.

[22] Id. at 5.

[23] Id.

[24] Id.

aggravating factor cited concerned "Mr. Poulos's inaccurate certification to complying with [continuing education] requirements when he renewed his license."[25] As to mitigating factors, the hearing officer identified two – Mr. Poulos's lack of intent and lack of prior disciplinary infractions.[26]

Based on those findings, the hearing officer did not recommend issuing a letter of reprimand.[27] The hearing officer recommended: (1) the Council find that Mr. Poulos failed to complete the requisite continuing education, and inaccurately certified that he had completed said continuing education; (2) that Mr. Poulos be allotted 60 days to complete the continuing education; (3) that Mr. Poulos be assessed a $250.00 fine; (4) that any failure to comply with the Council's orders allow for the Council to suspend Mr. Poulos's License without further notice; (5) that Mr. Poulos be subject to an audit during the next license renewal period; and (6) that the resulting final order of the Council "constitute a public disciplinary action reportable to pertinent public practitioner data bases [sic]."[28]

29 Del. C. § 8735(v)(1)(d) afforded Mr. Poulos twenty days to "submit any written exceptions, comments, and arguments concerning the conclusions of law and

---

[25] Id.

[26] Id.

[27] Id.

[28] Id. at 6.

recommended penalty" contained within the hearing officer's Recommendation. Mr. Poulos declined to exercise that right.[29] The hearing officer also sent Mr. Poulos a letter accompanying the Recommendation, which informed Mr. Poulos of his right to attend the Council's public meeting where the Recommendation would be considered.[30] When the Council rescheduled that hearing, it provided Mr. Poulos with notice of the new date.[31] Mr. Poulos did not attend the Council's public hearing.[32]

The Council issued its Order on October 15, 2024.[33] The Council affirmed the conclusions of law set forth in the Recommendation.[34] The Council also adopted the proposed disciplinary action outlined in the Recommendation.[35] The Council mailed its Order to Mr. Poulos on October 24, 2024.[36]

---

[29] R. Tab 1 at 2.

[30] R. Tab 5 at 7.

[31] R. Tab 4.

[32] R. Tab 1 at 3.

[33] Id. at 4.

[34] Id. at 3.

[35] Id. at 3-4.

[36] Id. at 4.

Mr. Poulos filed a timely appeal to this Court on November 11, 2024.[37]  He filed his Opening Brief on January 21, 2025.[38]  The Council filed an Answering Brief on March 24, 2025.[39]  Mr. Poulos filed a Reply on April 3, 2025.[40]  The Court held oral argument on this matter on June 13, 2025.

## III.  Standard of Review

24 Del. C. § 4017 permits a practitioner to appeal an order from the Council to this Court.  The Court considers whether the challenged order "is supported by substantial evidence and free from legal error."[41]  "Substantial evidence is evidence which affords a substantial basis of fact from which the fact in issue can be reasonably inferred."[42]  "The Court does not re-weigh the evidence, nor does the Court substitute its judgment for the factual determinations made by the Council below."[43]

---

[37] D.I. 1 (Nov. 11, 2024).

[38] D.I. 9 (Jan. 21, 2025).

[39] D.I. 11 (Mar. 24, 2025).

[40] D.I. 12 (Apr. 2, 2025).

[41] McCain v. Council on Real Est. Appraisers, 2009 WL 1515594, at *2 (Del. Super. May 29, 2009) (citing Phillips v. Div. of Pro. Regul., 2004 WL 440414, at *2 (Del. Super. Feb. 20, 2004)).

[42] Phillips, 2004 WL 440414, at *2 (internal quotations omitted) (quoting Down Under, Ltd. v. Delaware Alcoholic Beverage Control Commission, 576 A.2d 675, 681 (Del. Super. 1989)).

[43] McCain, 2009 WL 1515594, at * 2 (internal quotations omitted) (quoting Hoopes v. Del. Council of Real Estate Appraisers, 2006 WL 3308203, at *1 (Del. Super. Oct. 19, 2006)).

8

## IV.  Analysis

Mr. Poulos does not contest the factual findings made by the Council. His only contention on appeal centers on the Council's finding that his inaccurate certification and failure to comply with continuing education requirements were unjustified.[44] Mr. Poulos contends a licensee can only be subject to discipline when he cannot justify his noncompliance.[45] As Mr. Poulos asserts he provided ample justification for his admitted noncompliance, he posits the Council abused its discretion by deciding to discipline him.[46]

Mr. Poulos did not object to any of the findings – factual or legal – contained within the Recommendation.[47] The Council affirmed the legal conclusions set forth in the Recommendation.[48] The hearing officer found: (1) the requirement that a licensee complete two hours of continuing education in Delaware law "was duly noticed and published;"[49] (2) Mr. Poulos needed to comply with that requirement;[50]

---

[44] Opening Br. at 7.

[45] Id.

[46] Id.

[47] R. Tab 1 at 2.

[48] Id. at 3.

[49] Id. at 4.

[50] Id. at 5.

(3) Mr. Poulos's explanation for his failure to comply derived from his lack of awareness of the requirement;[51] (4) "[i]gnorance of the law [was] not an excuse;"[52] and (5) "Mr. Poulos's violation of Council Reg. 2.5.2. was unjustified."[53]

Additionally, the Recommendation outlined the aggravating and mitigating factors present in Mr. Poulos's matter. The only aggravating factor concerned Mr. Poulos inaccurately certifying that he completed the required continuing education, when, in fact, he had not completed that requirement.[54] As for mitigating factors, the hearing officer noted Mr. Poulos's "lack of intent and the fact that he [had] never been disciplined before."[55] The hearing officer specifically noted Mr. Poulos's switch to a larger company, and Mr. Poulos's proffered explanation that "he lost track of his responsibilities."[56]

Mr. Poulos's sole contention focuses on the hearing officer – and subsequently, the Council – declining to find that Mr. Poulos's excuses for his failure to comply with the continuing education requirement *justified* his failure.[57] The

---

[51] Id.

[52] Id.

[53] Id.

[54] Id.

[55] Id.

[56] Id.

[57] Opening Br. at 9.

Recommendation, and the Council's Order, considered Mr. Poulos's excuses as a mitigating factor. Implicit in that consideration, the Council rejected those excuses as a "justification" that would immunize Mr. Poulos from discipline for his failure to comply with licensure requirements. Mr. Poulos's conclusory statement that the Council "did not consider [his proffered excuses'] potential as justification for noncompliance" does not rise to the level of abuse of discretion by the Council.[58]

The record reflects that the hearing officer *did* consider Mr. Poulos's excuses. That the hearing officer did not find those excuses transformed Mr. Poulos's conduct from unjustified to justified stands as a reasonable finding based on substantial evidence. Mr. Poulos's argument that the hearing officer needed to define "unjustified noncompliance" does not find support in any governing statutes, the Council's regulations, or any decisional law cited by Mr. Poulos. Further, the hearing officer clearly and directly rejected Mr. Poulos's reasoning as a justification when stating, "[i]gnorance of the law is not an excuse."[59] Mr. Poulos raised no objection to that finding, and the Council adopted it in its Order. As a licensed professional, Mr. Poulos also knew the ultimate responsibility for renewing his

---

[58] Id.

[59] R. Tab 1 at 5. ("excuse" is a commonly accepted synonym for "justification." See e.g. *Justification*, DICTIONARY.COM, https://www.dictionary.com/browse/justification (last visited June 2, 2025); *Justification,* MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/justification (last visited June 2, 2025)).

license – and certifying the veracity of any attestations made in furtherance of that renewal – rested with him.[60]

During his testimony, Mr. Poulos stated he maintains an appraisal license in over twenty states.[61] His lack of disciplinary record, and his own testimony, evidence that he successfully renewed those licenses over his multi-decade career.[62] As a sole proprietor, Mr. Poulos "took care of [his] license renewals and there were never any issues. [He] was never late. [He] never had any deficiency."[63] Accordingly, the record reflects that Mr. Poulos, as an experienced appraiser with licenses in many different states, possessed sufficient familiarity with the license renewal process to understand that he needed to apprise himself of the individualized requirements of each jurisdiction.

Mr. Poulos does not argue he complied with the requisite continuing education requirements to maintain his license. He does not allege his proffered explanations were not considered by the hearing officer for any reason, only that they were not

---

[60] See R. Tab 6 at 21 (in relation to the license renewal process, the hearing officer remarked, "[a]nd that's your responsibility, not your administrator's, not anybody else." Mr. Poulos responded, "[r]ight. I understand that.").

[61] Id. at 17.

[62] Id. ("I have kept my license active in all those states with no disciplinary actions ever coming to a head on any of my licenses in any of those states.").

[63] Id.

*properly* considered as a justification for his noncompliance. Given the placement within the text of the Recommendation of the hearing officer's recitation of Mr. Poulos's excuse – "Mr. Poulos was not aware [of] this requirement and did not meet it"[64] – directly before the hearing officer found, "Mr. Poulos's violation of Council Reg. 2.5.2. was unjustified,"[65] Mr. Poulos's assertion that the hearing officer failed to consider his excuse as a proper justification does not follow logically.

Further, the Council possessed substantial evidence to support a finding that Mr. Poulos both failed to complete the continuing education requirement and incorrectly certified that he successfully completed that education. Mr. Poulos admitted as much himself. The Council did not find – and the Court agrees – that moving to a bigger firm somehow justifies a lapse in meeting licensure requirements. Mr. Poulos also agreed at the time of his appearance before the hearing officer when he acknowledged, "I know it's not really an *excuse* but, like I said, I'm not really the one who is in control of my renewals, and I really just go off of what they are having me do."[66] The Court does not find the Council's decision to impose disciplinary penalties constituted an arbitrary or capricious decision. Moreover, the Court finds the Council based its decision on substantial evidence.

---

[64] R. Tab 1 at 5.

[65] Id.

[66] R. Tab 6 at 19 (emphasis added).

## V.    __Conclusion__

Mr. Poulos did not comply with the continuing education requirement to renew his License. Mr. Poulos attributed that noncompliance to a change in jobs that altered his practice of handling his license renewals. A hearing officer considered that reasoning, and determined it did not excuse Mr. Poulos's noncompliance. The Council's decision to adopt that finding, and impose disciplinary sanctions against Mr. Poulos, was not the product of arbitrary or capricious decision making. The Council's decision was based on substantial evidence, the veracity of which remains uncontested by Mr. Poulos. Accordingly, the Council's Order is **AFFIRMED**.

    **IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge